UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____

In re:

JOEL P. ENGELHARDT, JR. and                      Chapter 7
JANET R. ENGELHARDT,                             Case No. 06-42346

       Debtors

_____

JOEL P. ENGELHARDT JR., et al.,

       Plaintiffs
                                                   Adversary Proceeding
v.                                                   Case No. 07-04104

ARGENT MORTGAGE CO. et al.

       Defendants
_____

**<u>MEMORANDUM OF DECISION</u>**

This matter came before the Court upon the motions to dismiss filed by the following defendants: (1) Field Asset Services Inc.; (2) RE/MAX International, Inc., (3) RE/MAX Associates of Charlton Massachusetts; (3) Argent Mortgage Company, LLC; (4) Ameriquest Mortgage Company; (5) Deutsche Bank National Trust Company[1]; and (6) Kenneth Maston, individually and d/b/a Haul on Call [Docket # 17, 24, 36, and 50]. For the reasons set forth herein, the motions to dismiss are GRANTED and the objection of the plaintiffs[2] is OVERRULED.

---

[1] Deutsche Bank Mortgage Services is also named as a defendant in this adversary proceeding. To the extent that it is an extant entity, it and the moving parties (jointly "the Defendants") will be treated collectively.

[2] Joel P. Engelhardt Jr., Janet R. Engelhardt, Daniel A. Engelhardt, and Sarah E. Engelhardt.

1

Janet and Joel Engelhardt ("the Debtors") filed for Chapter 11 bankruptcy in October 2006, and the case was subsequently converted to Chapter 7. In June 2007, the Chapter 7 Trustee filed a Report of No Distribution, certifying that there was "no nonexempt property available for distribution to creditors." (Trustee's Report, entered June 18, 2007). On August 21, 2007, this Court issued an Order of Discharge to the Debtors. [Docket # 115]. As of the date of this Memorandum, the case remains open.

Prior to the Debtors' discharge, on February 22, 2007, this Court granted Argent Mortgage Co. ("Argent") relief from the automatic stay, allowing a foreclosure of the mortgage on the Debtors' property at 6 Apache Road, Hubbardston MA. [Docket # 60]. That Order stated in relevant part, "Argent and any successor in interest is permitted to proceed forward to pursue its rights and remedies under state and federal law." (Order Granting Relief from the Automatic Stay 1). Following the completion of the foreclosure, realtors and disposal agencies (also named defendants in this case) entered the property, allegedly without legal right, and allegedly caused damage to the Debtors' personal property. (Complaint ¶¶ 22-29) [Docket # 1]. On July 19, 2007, the Debtors filed their Complaint, asserting nine separate state law tort claims against each defendant.[3]

The Debtors argue that this Court has jurisdiction because the Defendants' actions violated "an Order issued by this Court requiring that the party authorized to proceed with foreclosure and its agents act in accordance with established state law procedures." (Opposition to Argent's Motion to Dismiss 2) [Docket # 37]. In other words, because the

---

[3] The nine claims asserted against each defendant are: (i) Trespass, (ii) Nuisance, (iii) Negligent Interference with Property, (iv) Intentional Interference with Property, (v) Intentional and Malicious Destruction of Property, (vi) Negligent Infliction of Emotional Distress, (vii) Intentional Infliction of Emotional Distress, (viii) Bad Faith and (ix) Negligence. (Mot. of Re/Max to Dismiss for Lack of Jurisdiction, or Alternatively, to Abstain 3 n. 1).

2

Order for Relief stated that foreclosure must be done in accordance with state law, a violation of state law during foreclosure confers jurisdiction over the resulting claims on this Court. The Debtors cite two cases in which "allegations of failure of parties to adhere to orders of the Court or procedures established thereto" were considered to be the province of the court whose orders or procedure had been violated. (Opposition to Argent's Motion to Dismiss 3).

The Defendants respond that the Court lacks jurisdiction because the Debtors' claims: (1) will have no bearing on the administration of the bankruptcy estate and (2) arose after the filing of the Debtors' bankruptcy petition. (Argent's Motion to Dismiss 2). Thus, they argue, the case should be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1334(b). Alternatively, they argue that the Court should voluntarily abstain from the case pursuant to 28 U.S.C. § 1334(c)(1). Argent and its co-defendants also contend that the cases relied upon by the Debtors are inapplicable because: (1) neither case deals with jurisdiction or permissive abstention and (2) in both cases the defendants were alleged to have violated the automatic stay, which was not the case here.

28 U.S.C. § 1334(b) states, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Accordingly, whether a given matter is "related to" the bankruptcy case is the threshold denominator of bankruptcy court jurisdiction. *Pacor v. Higgins* articulated the test of "related to" jurisdiction currently espoused by the First Circuit: "whether the outcome [of the proceeding in question] could conceivably have any effect on the estate being administered in bankruptcy." 743 F.2d 984, 994 (3rd Cir. 1984). *See also In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir. 1991) (endorsing the

3

*Pacor* test). A proceeding can sufficiently affect the estate by "altering debtor's rights, liabilities, options, or freedom of action, or otherwise hav[ing] an impact upon the handling and administration of the…estate." *In re Boston Regional Medical Center, Inc.*, 410 F.3d 100, 105 (1st Cir. 2005).

The Defendants' alternative request, permissive abstention, is governed by 28 U.S.C. § 1334(c)(1):

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In addition to the three factors enumerated in the statute, courts have looked to "factors such as the extent to which state law issues predominate over bankruptcy issues, the presence of a related proceeding commenced in state court, and the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the litigants." *In re Colarusso*, 382 F.3d 51, 57 (1st Cir. 2004) (*citing In re Middlesex Power Equipment & Marine*, 292 F.3d 61, 69 (1st Cir. 2002)).

The Court's direction to proceed under state law may not rightfully be considered an "order" as the Debtors suggest. The Supreme Court, for example, has rejected as nonbinding a:

> So-called order…which does not command the [defendant] to do, or to refrain from doing, anything; which does not grant or withhold any authority, privilege, or license; which does not extend or abridge any power or facility; which does not subject the [defendant] to any liability,

4

civil or criminal; which does not change the [defendant's] existing or future status or condition; which does not determine any right or obligation. *U.S. v. Los Angeles & S.L.R. Co.*, 273 U.S. 299, 309 (1927).

In this case, the Court's instruction did not modify or amend any duty the Defendants owed to the Debtors; they were equally obliged to comply with state law before and after the issuance of the Order for Relief. To the contrary, the language of the Court's Order actually clarifies that no duty to comply with state law has been modified or amended in any way.

In the same vein, the Court's instruction, and thus the causes of action purportedly arising from it, clearly does not fit under the definition of "related to" in *Boston Regional Medical Center*, *supra*, because it does not alter "debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." 410 F.3d at 105. The Defendants were no more or less bound by state law once the Order for Relief was granted, and thus the administration of their estate was not impacted in any way by the "state law" instruction.

Moreover, neither the Debtors' tort claims, nor any recovery potentially derived therefrom, belong to the bankruptcy estate. As the bankruptcy court noted in *In re Riccitelli*, a claim must be "sufficiently developed as of the petition date to constitute property of the debtor for purposes of inclusion or exclusion from the bankruptcy estate." 320 B.R. 483, 490 (Bankr. D. Mass. 2005) (*citing Segal v. Rochelle*, 382 U.S. 375, 379-380 (1966)) (*see also In re Adams*, 212 B.R. 703 (Bankr. D. Mass. 1997) ("bankruptcy courts do not have jurisdiction over postpetition matters which are unrelated to the bankruptcy estate")). Because the Debtors' claims did not exist at the commencement of

the case, they cannot be considered part of the bankruptcy estate. By the same token, any recovery under the tort claims would not be incorporated into the estate or distributed to creditors of the estate; instead it would accrue solely to benefit the Debtors. Accordingly, the tort claims fail the *Pacor* test of "whether the outcome [of the proceeding in question] could conceivably have any effect on the estate being administered in bankruptcy." 743 F.2d at 994. As such, the Court does not have jurisdiction over the Debtors' claims; dismissal is appropriate on those grounds and it is unnecessary for the Court to consider the issue of abstention.

      For the reasons set forth herein, the Defendants' motions to dismiss [Docket # 17, 24, 36, and 50] are GRANTED.

      A separate order will issue.


Dated: October 15, 2007                By the Court,

*[signature: Joel B. Rosenthal]*

_____
Joel B. Rosenthal
United States Bankruptcy Judge